DICKINSON WRIGHT PLLC
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Kerry E. Kleiman, Esq.
Nevada Bar No. 14071
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
Tel: 702-550-4400
Fax: 844-670-6009
CAlexander@dickinsonwright.com
KKleiman@dickinsonwright.com

MCCULLOCH AVIATION LAW FIRM PLLC
Timothy I. McCulloch (*pro hac vice* forthcoming)
Arizona Bar No. 23732
21001 N. Tatum Blvd., Suite 1630-936
Phoenix, Arizona 85050
Tel: 602-568-5291
tim@mccullochaviation.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CATHY ZEE ANDERSON, as personal representative of the Estate of DONALD S. GOLDBERG,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | Case No.: 2:24-cv-1288<br><br>**COMPLAINT** |

Plaintiff, Cathy Zee Anderson, as personal representative of the Estate of Donald S. Goldberg (the "Estate"), by and through her counsel of record, the law firms of Dickinson Wright, PLLC and McCulloch Aviation Law Firm, PLLC, brings this Complaint against the United States of America, and complains and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 for personal injury and wrongful death due to the negligence or wrongful act or omission of an employee of the United States government while acting within the course and scope of his/her employment. In accordance with 28 U.S.C. § 1346(b)(1), the Estate has named the United States of America as defendant and jurisdiction in this Court is proper.



1

2. The Estate met the pre-filing requirements under 28 U.S.C. §2675(a) because the United States of American failed to respond to or take any action for six months after the Estate submitted a claim for damages based on the allegations herein.

3. Venue is proper because the acts and/or omissions giving rise to this action took place in this District.

**FACTUAL ALLEGATIONS**

4. On July 17, 2022, Donald S. Goldberg ("Mr. Goldberg") and Carol Ann Scanlon were flying a Piper Malibu Mirage PA-46-350P, FAA registration N97CX (the "Piper Aircraft") from the Coeur d'Alene Airport in Idaho to the North Las Vegas Airport. ( The North Las Vegas Airport is referred to as "KVGT").

5. Upon information and belief, the KVGT Class D airspace was under the control of the Federal Aviation Administration ("FAA"), a federal agency.

6. The air traffic controller personnel ("ATC") who were responsible for ensuring the safety of aircraft in the KVGT airspace, at all times relevant herein were acting in the course and scope of their employment with the FAA.  As such, the KVGT ATC were acting as agents and employees of the United States of America (the "Defendants").

7. Upon information and belief, at approximately 11:56AM, the Piper Aircraft, approached KVGT and was in communication with the Las Vegas TRACON air traffic control tower (the "Approach Controller").

8. Upon information and belief, the Approach Controller advised the Piper Aircraft to contact the KVGT ATC for clearance to land on runway 30L, the left of the two parallel runways at KVGT.  The Approach Controller did not issue any traffic advisories or warnings about any other aircraft in the area.

9. At that same time, decedents Anthony Chiaramonti and Zachary Rainey were traversing the KVGT airspace in a Cessna 172N aircraft, FAA registration N160RA (the "Cessna Aircraft").  Upon information and belief, Mr. Chiaramonti was providing Mr. Rainey with flight instruction concerning takeoffs and landings.

10. At or around 11:58AM, the Piper Aircraft contacted the KVGT ATC regarding its



1  descent and approach for landing, as directed by the Approach Controller. The KVGT ATC cleared
2  the Piper Aircraft for landing on runway 30L.

3   11.   The KVGT ATC did not provide the Piper Aircraft with any traffic advisories or
4  warnings, and did not ensure that the Piper Aircraft was aware of the Cessna Aircraft.

5   12.   The KVGT ATC did not take appropriate measures or use reasonable care to ensure
6  that the Piper Aircraft was aware of and had a visual of the Cessna Aircraft.

7   13.   Two minutes later, at or around 12:00PM, the Cessna Aircraft requested clearance
8  for a short approach to land on runway 30R.

9   14.   Despite the Cessna Aircraft's request to deviate from the flight path it had been
10 following that day, and with full knowledge that the Piper Aircraft had just been cleared to land
11 simultaneously on runway 30L, the KVGT ATC approved the Cessna Aircraft's request for a short
12 approach.

13   15.   The KVGT ATC did not provide the Cessna Aircraft with any traffic advisories or
14 warnings, and did not ensure that the Cessna Aircraft was aware of the Piper Aircraft.

15   16.   The KVGT ATC did not take appropriate measures or use reasonable care to ensure
16 that the Cessna Aircraft was aware of and had a visual of the Piper Aircraft.

17   17.   At no time did the KVGT ATC take the necessary steps to establish and ensure
18 proper and safe separation between the Piper Aircraft and the Cessna Aircraft.

19   18.   As a direct and proximate result of the KVGT ATC's failure to follow proper
20 procedures, the Piper Aircraft and Cessna Aircraft were both approaching parallel runways at the
21 same time without any notice that there was nearby air traffic.

22   19.   Because neither aircraft knew of the presence of the other, the Piper Aircraft and the
23 Cessna Aircraft collided midair (the "Crash"), killing all persons on board.

24                    **FIRST CLAIM FOR RELIEF**
25                         **(Negligence)**

26   20.   The Estate repeats, realleges, and incorporates herein by reference all of the
27 preceding paragraphs as if fully set forth herein.

28   21.   The Estate is informed and believes, and thereupon alleges that Defendant, through



3

1  the nature of their exclusive control over KVGT airspace and statutory obligations owed a duty of
2  care to Mr. Goldberg.

3      22.    Defendant breached this duty of care because the KVGT ATC failed to follow
4  regulations, issue required instructions, and otherwise appropriately and adequately dispatch their
5  obligations to Mr. Goldberg.

6      23.    The negligence of the KVGT ATC was the direct and proximate cause of the Crash
7  and, therefore, was the direct and proximate cause of Mr. Goldberg's death.

8      24.    Mr. Goldberg was forced to suffer fear of impending death, pain and suffering, and
9  fatal injuries as a result of Defendant's negligence.

10      25.    Accordingly, the Estate is entitled to recover full special, general, compensatory,
11  and punitive damages to the greatest extent allowed under federal and Nevada law for the personal
12  injury and wrongful death of Mr. Goldberg.

13      26.    It has been necessary for the Estate to retain the services of legal counsel to bring
14  this action, and the Estate are therefore entitled to payment of all costs, fees, including attorneys'
15  fees, and expenses related to and/or arising out of the prosecution of this action.

16  **PRAYER FOR RELIEF**

17  WHEREFORE, the Estate pray for and demand that judgment be entered against Defendant
18  as follows:

19      1.    For any and all compensatory, actual, special, and punitive damages allowable under
20  the law, in an amount in excess of $100,000 as may be determined at trial;

21      2.    For prejudgment interest;

22  / / /
23  / / /



4

1    3.   For an award of reasonable attorneys' fees and costs, including expert fees and expenses, for having to bring this action; and

2    4.   For such other and further relief as the Court deems just and proper

DATED this 17th day of July, 2024.

DICKINSON WRIGHT PLLC

 */s/ Kerry Kleiman*
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Kerry E. Kleiman, Esq.
Nevada Bar No. 14071
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169

MCCULLOCH AVIATION LAW FIRM PLLC
Timothy I. McCulloch, Esq. (Admitted *pro hac vice*)
Arizona Bar No. 23732
21001 N. Tatum Blvd., Suite 1630-936
Phoenix, Arizona 85050
*Attorneys for Plaintiff*

